## UNITED STATES of America

v.

## Alejandro DE ASA SANCHEZ, Defendant.

### No. 01–CR–170.

United States District Court, E.D. New York.

June 18, 2004.

Order Cancelling Hearing and Briefing Schedule July 3, 2004.

John Buretta, United States Attorneys Office, Brooklyn, NY, for Plaintiff.

Thomas F.X. Dunn, New York City, for Defendant.

### PRELIMINARY MEMORANDUM & ORDER

WEINSTEIN, Senior District Judge.

Defendant was indicted as a member of a criminal organization and charged with engaging in murder, assault, narcotics trafficking, and other related crimes. Some of these crimes are punishable by death. The government has the discretion to proceed without seeking the death penalty. 18 U.S.C. § 3591. A trial was set to begin on August 30, 2004.

The accused was brought to this country from the Dominican Republic under an extradition order. The extraditing state's

order contained the limitation that the extraditee could not be executed if he were convicted of the crimes for which he was being extradited.

At a pre-trial status hearing, orally, and for the first time, the Assistant United States Attorney informed the court that the United States Attorney for the Eastern District of New York was ordered by the Department of Justice in Washington, DC to apply to the Department in Washington for a decision on whether to proceed with the case as a capital prosecution. *See* 18 U.S.C. § 3593; 3 The Dept. of Justice Manual tit. 9–658 (2d ed. loose leaf current) (consultation prior to seeking the death penalty). He declared:

> The government had previously been under the impression based on its discussions with main justice in Washington that the United States waived the death penalty with respect to Alejandro De Aso Sanchez as part of the extradition process.

> The extradition order issued by the Dominican Republic judge states among other things that as part of the extradition, the death penalty shall not be sought.

> More recently, our office was informed by main justice that their view is that despite the extradition order, that is not binding and that no specific assurance regarding the death penalty was made to the Dominican Republic as part of the extradition process.

*See* Tr. at 3 (June 17, 2004).

Counsel for defendant then made an oral application for additional "capital counsel" to assist in what may be a death case. When a case may potentially be prosecuted as a capital case the usual practice is to grant the request. Added counsel is paid at a higher rate and must have special qualifications to participate in such a case.

*Cf.* 18 U.S.C. §§ 3005 & 3066A. The court denied the application by defense counsel.

It is the court's preliminary view—subject to briefing and argument—that when a person is extradited with the limitation imposed by the extraditing state that a conviction will not result in a death sentence, federal courts will honor the limitations. *See, e.g.,* American Law Institute, Restatement (Third) of the Foreign Relations Law of the United States, Comment f. (1987) ("If the requested state surrenders a person on condition that the death sentence not be imposed, the condition is binding on the requesting state."). *Cf.* Louis Henkin, Richard Crawford Pugh, Oscar Schochter & Hans Smit, International Law 1114 (1993) ("According to the principle of specialty, the requisitioning state may not, without the permission of the asylum state, try or punish the fugitive for any crimes committed before the extradition except the crimes for which he was extradited."); M. Cherif Bossiouni, International Extradition: United States Law and Practice, Ch. VIII, § 5, Grounds Relating to the Penalty: The Death Penalty and Cruel and Unusual Punishment at 735–744 (4th ed.2002) (problems of enforceability of conditional extraditions; discussion of leading international cases); 3 The Dept. of Justice Manual at 9–15, 500 (2d ed. loose leaf current) (post extradition considerations); 4 The Dept. of Justice Manual at 1 ff. (2d ed. loose leaf current) (survey of death penalty cases in the federal courts).

There is no indication that relations or treaties with the Dominican Republic require a practice different from the one generally accepted as a matter of international law and comity. *See* 7 Charles I. Bevans, Treaties and Other International Agreements of the United States of America 1776–1949 at 200 ff.; Pan American

Convention on Extradition, 49 Stat. 3111, 74th Cong. (1933).

The parties will brief the point. Defendant is authorized to obtain services of additional counsel to assist with the briefing. There will be a full evidentiary hearing on the issue on July 12, 2004 at 10:00 a.m.

The trial will not be adjourned.

SO ORDERED.

*Epilogue*

Subsequent to issuance of the above memorandum, the government notified the court that capital punishment will not be sought, the hearing and briefing schedule is cancelled.

SO ORDERED.